**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-20229
Summary Calendar

ANTHONY ALDRIDGE,

Petitioner-Appellant,

versus

RICK THALER, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:09-CV-285

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Aldridge, Texas prisoner # 633416, filed a 28 U.S.C. § 2254 petition alleging that he was denied due process in connection with disciplinary pro-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ceeding No. 20090042242, as a result of which he lost 30 days of commissary and recreation restriction, had his line classification status reduced from L1 to L3, and was reprimanded. The district court decided that those punishments had no due process implications. Aldridge also lost 400 days of good time credit. His petition did not include any specific information regarding his offense of conviction.

The district court stated that Aldridge is serving sentences for burglary of a habitation and for assault on a public servant. Citing the burglary conviction and TEX. PENAL CODE § 508.149(a)(13), the court found that Aldridge was ineligible for mandatory supervision release. Based on that finding, the court concluded that the loss of good time did not implicate any due process concerns. The court dismissed the petition as frivolous and for failure to state a claim.

Seeking to challenge the dismissal, Aldridge now requests a certificate of appealability ("COA") from this court. To obtain a COA, he must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

By failing to challenge the findings that the loss of recreation and commissary privileges and the reduction in custodial and time-earning status do not implicate due process concerns, Aldridge has waived any challenge to those findings. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Accordingly, his request for a COA in that regard is denied. *See Miller-El*, 537 U.S. at 327.

Aldridge argues in his COA brief that his burglary conviction is not a conviction that renders him ineligible for release to mandatory supervision. Indeed, he asserts that he was previously released to mandatory supervision but that the supervision term was later revoked. If Aldridge is eligible for mandatory supervision release, then the dismissal of his due process claim with regard to the loss of good time credits on the basis of his ineligibility for such release is debatable

2

among reasonable jurists. *See Slack*, 529 U.S. at 484. The record on appeal does not contain enough information about the burglary conviction to discern whether he is eligible for mandatory supervision.

A COA is thus granted on the issue whether Aldridge is eligible for release to mandatory supervision. With respect to that portion of the judgment dismissing the due process claim challenging the loss of good time credits, we vacate the judgment and remand for further development of the record and any other necessary further proceedings.

The request for COA is GRANTED in part and DENIED in part. The judgment is VACATED and REMANDED for further proceedings as appropriate. We express no view on what decisions the district court should make on remand.